# IN THE MISSOURI CIRCUIT COURT
# FOR THE TWENTY-FIRST JUDICIAL CIRCUIT
# COUNTY OF ST. LOUIS

| | |
|---|---|
| **BPP, on behalf of itself and all others similarly situated,** ) ) ) | |
| Plaintiff, ) | **JURY TRIAL DEMANDED** |
| v. ) ) | |
| **ASHTEL STUDIOS, INC.,** ) ) | |
| <u>Serve:</u> ) Anish Patel, Reg. Agent/Pres. ) or person in charge ) 1610 E. Philadelphia St. ) Ontario, CA 91761 ) ) | |
| Defendant. ) | |

## CLASS ACTION JUNK-FAX PETITION

Plaintiff BPP brings this junk-fax class action, on behalf of itself and all others similarly situated, against Defendant Ashtel Studios, Inc., under the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, and the regulations promulgated thereunder (TCPA).

### PARTIES, JURISDICTION, AND VENUE

1.   Plaintiff BPP is a fictitious name registered with the Missouri Secretary of State for a Missouri corporation with its principal place of business in St. Louis County, Missouri.

2.   Defendant Ashtel Studios, Inc., is a California corporation with its principal place of business in Ontario, California.

3.   Missouri Revised Statutes § 351.574.4 states, in part, that "[e]very

1

foreign corporation now doing business in or which may hereafter do business in this state without a certificate of authority shall be subject to a fine of not less than one thousand dollars to be recovered before any court of competent jurisdiction."

4. Defendant does not have a certificate of authority issued by the Missouri Secretary of State to transact business in Missouri.

5. This Court has personal jurisdiction over Defendant, because Defendant illegal faxes into Missouri, Defendant transacts business within this state, Defendant has made contracts within this state, Defendant has committed tortious acts within this state, including conversion of fax recipients' paper, ink, and toner, or Defendant otherwise has sufficient minimum contacts with this state.

6. Venue is proper under Missouri Revised Statutes § 508.010.2(4).

## THE FAX

7. On or about May 10, 2022, Defendant, or someone acting on its behalf, used a telephone facsimile machine, computer, or other device to send to Plaintiff's telephone facsimile machine at (314) 991-4682 an unsolicited advertisement, a true and accurate copy of which is attached as **Exhibit 1** (Fax).

8. A portion the Fax is pasted below:



9.  Plaintiff received the Fax through Plaintiff's traditional facsimile machine, which printed the Fax automatically.

10. The Fax constitutes material advertising the quality or commercial availability of any property or goods.

11. Defendant has sent other facsimile transmissions of material advertising the quality or commercial availability of property or goods to Plaintiff and to at least 40 other persons as part of a plan to broadcast fax advertisements, of which the Fax is an example, or, alternatively, the Fax was sent on Defendant's behalf.

12. On information and belief, Defendant approved, authorized, and participated in the scheme to broadcast fax advertisements by (a) directing a list to be purchased or assembled, (b) directing and supervising employees or third

3

Electronically Filed - St Louis County - June 09, 2022 - 04:07 PM

parties to send the faxes, (c) creating and approving the fax form to be sent, and (d) determining the number and frequency of the facsimile transmissions.

13. Defendant had a high degree of involvement in, actual notice of, or ratified the unlawful fax broadcasting activity and failed to take steps to prevent such facsimile transmissions.

14. Defendant created, made, or ratified the sending of the Fax and other similar or identical facsimile advertisements to Plaintiff and to other members of the "Class" as defined below.

15. The Fax to Plaintiff and, on information and belief, the similar facsimile advertisements sent by Defendant, lacked a proper notice informing the recipient of the ability and means to avoid future unsolicited advertisements.

16. Under the TCPA and 47 C.F.R. § 64.1200(a)(4)(iii), the opt-out notice for unsolicited faxed advertisements must meet the following criteria:

(A) The notice is clear and conspicuous and on the first page of the advertisement;

(B) The notice states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph (a)(4)(v) of this section is unlawful;

(C) The notice sets forth the requirements for an opt-out request under paragraph (a)(4)(v) of this section

(D) The notice includes—

(1) A domestic contact telephone number and facsimile machine number for the recipient to transmit such a request to the sender; and

(2) If neither the required telephone number nor facsimile machine number is a toll-free number, a

> separate cost-free mechanism including a Web site address or e-mail address, for a recipient to transmit a request pursuant to such notice to the sender of the advertisement. A local telephone number also shall constitute a cost-free mechanism so long as recipients are local and will not incur any long distance or other separate charges for calls made to such number; and

(E) The telephone and facsimile numbers and cost-free mechanism identified in the notice must permit an individual or business to make an opt-out request 24 hours a day, 7 days a week.

17. The Fax and Defendant's similar facsimile advertisements lacked a notice containing a fax number to which the recipient can may make a request to the sender of the Fax not to send future advertisements to a telephone facsimile machine or machines.

18. The transmissions of facsimile advertisements, including the Fax, to Plaintiff, lacked a notice that complied with 47 U.S.C. § 227(b)(2)(D)(iv)(*I*) and 47 C.F.R. § 64.1200(a)(4)(iii)(D)(*1*).

19. On information and belief, Defendant faxed the same or other substantially similar facsimile advertisements to the members of the Class in Missouri and throughout the United States without first obtaining the recipients' prior express invitation or permission.

20. Defendant violated the TCPA by transmitting the Fax to Plaintiff and to the Class members without obtaining their prior express invitation or permission and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4)(iii).

21. Defendant was well aware of the TCPA, because it was sued for allegedly sending TCPA-violating faxes in *Dr. G. Neil Garrett, DDS, P.C. v. t*

5

*Ashtel Studios, Inc., doing business as Ashtel Dental*, No. 1:13-cv-03959, in the United States District Court for the Northern District of Illinois.

22. Therefore, Defendant's renewed TCPA violations were knowing and willful.

23. Defendant knew or should have known that (a) facsimile advertisements, including the Fax, were advertisements, (b) Plaintiff and the other Class members had not given their express invitation or permission to receive facsimile advertisements, (c) no established business relationship existed with Plaintiff and the other Class members, and (d) Defendant's facsimile advertisements did not display a proper opt-out notice.

24. Pleading in the alternative to the allegations that Defendant knowingly violated the TCPA, Plaintiff alleges that Defendant did not intend to send transmissions of facsimile advertisements, including the Fax, to any person where such transmission was not authorized by law or by the recipient, and to the extent that any transmissions of facsimile advertisement was sent to any person and such transmission was not authorized by law or by the recipient, such transmission was made based on Defendant's own understanding of the law or on the representations of others on which Defendant reasonably relied.

25. The transmissions of facsimile advertisements, including the Fax, to Plaintiff and the Class caused concrete and personalized injury, including unwanted use and destruction of their property, e.g., toner or ink and paper, caused undesired wear on hardware, interfered with the recipients' exclusive use of their property, cost them time, occupied their fax machines for the period of

time required for the electronic transmission of the data, and interfered with their business or personal communications and privacy interests.

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings this class action on behalf of the following class of persons, hereafter, the "Class":

> All persons in the United States who on or after four years prior to the filing of this action, (1) were sent by or on behalf of Defendant a telephone facsimile message of material advertising the commercial availability or quality of any property or goods, (2) with respect to whom Defendant cannot provide evidence of prior express invitation or permission for the sending of such fax or (3) with whom Defendant did not have an established business relationship, and (4) the fax identified in subpart (1) of this definition lacked a facsimile number for sending the opt-out request.

27. Excluded from the Class are Defendant, its employees, its agents, members of the judiciary, and all persons and businesses with whom Defendant has individually settled TCPA fax claims.

28. This case is appropriate as a class action because:

a. <u>Numerosity.</u> On information and belief, based in part on review of the sophisticated Fax and online research, the Class includes at least 40 persons and is so numerous that joinder of all members is impracticable.

b. <u>Commonality.</u> Questions of fact or law common to the Class predominate over questions affecting only individual Class members, e.g.:

   i. Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;
   ii. Whether the Fax, and other faxes transmitted by or on behalf of Defendant, contains material advertising the commercial availability of any property or goods;

7

Electronically Filed - St Louis County - June 09, 2022 - 04:07 PM

iii. Whether the Fax, and other faxes transmitted by or on behalf of Defendant, contains material advertising the quality of any property or goods;

iv. The manner and method Defendant used to compile or obtain the list of fax numbers to which Defendant sent the Fax and other unsolicited faxed advertisements;

v. Whether Defendant faxed advertisements without first obtaining the recipients' prior express invitation or permission;

vi. Whether Defendant violated 47 U.S.C. § 227;

vii. Whether Defendant willfully or knowingly violated 47 U.S.C. § 227;

viii. Whether Defendant violated 47 C.F.R. § 64.1200;

ix. Whether the Fax, and the other fax advertisements sent by or on behalf of Defendant, displayed the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4);

x. Whether the Court should award statutory damages per TCPA violation per fax;

xi. Whether the Court should award treble damages per TCPA violation per fax; and

xii. Whether the Court should enjoin Defendant from sending TCPA-violating facsimile advertisements in the future.

c. <u>Typicality.</u>  Plaintiff's claim is typical of the other Class members' claims, because, on information and belief, the Fax was substantially the same as the faxes sent by or on behalf of Defendant to the Class, and Plaintiff is making the same claim and seeking the same relief for itself and all Class members based on the same statute and regulation.

d. <u>Adequacy.</u>  Plaintiff will fairly and adequately protect the interests of the other Class members.  Plaintiff's counsel are experienced in TCPA class actions, having litigated more than 100 such cases, and having been appointed class counsel in multiple cases.  Neither Plaintiff nor its counsel has interests adverse or in conflict with the Class members.

8

e. <u>Superiority.</u>  A class action is the superior method for adjudicating this controversy fairly and efficiently.  The interest of each individual Class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

29. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. § 227(b)(1).

30. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

31. The TCPA provides:

Private right of action.  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

> (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) Both such actions.

47 U.S.C. § 227(b)(3)(A)-(C).

9

32. The TCPA also provides that the Court, in its discretion, may treble the statutory damages if a defendant "willfully or knowingly" violated Section 227(b) or the regulations prescribed thereunder.

33. Defendant's actions caused concrete and particularized harm to Plaintiff and the Class, as

    a. receiving Defendant's faxed advertisements caused the recipients to lose paper and toner consumed in printing Defendant's faxes;

    b. Defendant's actions interfered with the recipients' use of the recipients' fax machines and fax lines;

    c. Defendant's faxes cost the recipients time, which was wasted time receiving, reviewing, and routing the unlawful faxes, and such time otherwise would have been spent on business activities; and

    d. Defendant's faxes unlawfully interrupted the recipients' privacy interests in being left alone and intruded upon their seclusion.

34. Defendant intended to cause damage to Plaintiff and the Class, to violate their privacy, to interfere with the recipients' fax machines, or to consume the recipients' valuable time with Defendant's advertisements and Defendant was well aware of the TCPA's requirements because it had been previously sued over its fax advertising practices; therefore, treble damages are warranted under 47 U.S.C. § 227(b)(3).

35. Defendant knew or should have known that (a) Plaintiff and the other Class members had not given express invitation or permission for Defendant or anyone else to fax advertisements about Defendant's property or

10

goods, (b) Defendant did not have an established business relationship with Plaintiff and the other Class members, (c) the Fax and the other facsimile advertisements were advertisements, and (d) the Fax and the other facsimile advertisements did not display the proper opt-out notice.

36. Defendant violated the TCPA by transmitting the Fax to Plaintiff and substantially similar facsimile advertisements to the other Class members without obtaining their prior express invitation or permission and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4)(iii).

WHEREFORE, Plaintiff BPP, for itself and all others similarly situated, demands judgment against Defendant Ashtel Studious, Inc., as follows:

a. certify this action as a class action and appoint Plaintiff as Class representative;
b. appoint the undersigned counsel as Class counsel;
c. award damages of $500 per TCPA violation per facsimile pursuant to 47 U.S.C. § 227(a)(3)(B);
d. award treble damages up to $1,500 per TCPA violation per facsimile pursuant to 47 U.S.C. § 227(a)(3);
e. enjoin Defendant and its contractors, agents, and employees from continuing to send TCPA-violating facsimiles pursuant to 47 U.S.C. § 227(a)(3)(A);
f. award class counsel reasonable attorneys' fees and all expenses of this action and require Defendant to pay the costs and expenses of class notice and claim administration;
g. award Plaintiff an incentive award;
h. award Plaintiff prejudgment interest and costs; and
i. grant Plaintiff all other relief deemed just and proper.

Electronically Filed - St Louis County - June 09, 2022 - 04:07 PM

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases, transmission logs, and other itemization of telephone or fax numbers associated with Defendant and the communication or transmittal of advertisements as alleged herein.

SCHULTZ LAW GROUP LLC

By:
Ronald J. Eisenberg, #48674
Robert Schultz, #35329
640 Cepi Drive, Suite A
Chesterfield, MO 63005
636-537-4645
Fax: 636-537-2599
reisenberg@sl-lawyers.com
rschultz@sl-lawyers.com

*Attorneys for Plaintiff BPP*

Law Offices of Philip M. Horwitz, L.L.C.

By: /s/ Philip M. Horwitz
Philip M. Horwitz, #38493
640 Cepi Drive, Suite A
Chesterfield, MO 63005-1221
636-526-9644
PH@PhilipHorwitzLaw.com

*Attorney for Plaintiff BPP*